# CIRCUIT COURT OF FAIRFAX COUNTY

Miriam Tyson

v.

Robert Tyson

September 19, 2005

Case No. (Chancery) 2004-191493

BY JUDGE KATHLEEN H. MACKAY

This matter came before the Court on a Motion to Quash Defendant's *Subpoena Duces Tecum* filed by Fairfax County. An ore tenus hearing was held on July 18, 2005, resulting in the entry of a decree of divorce. However, questions remained regarding the appropriate calculation of child support and an additional hearing was held on August 19, 2005. At this hearing the County's Motion to Quash was taken under advisement.

*Facts*

Mr. and Ms. Tyson are embroiled in a divorce case. A decree of divorce was entered on July 18, 2005; however, the decree will not become final until the entry of an order determining child support. The cost of child care is one of many factors to be considered when calculating the appropriate amount of child support. Mr. Tyson claims that Ms. Tyson has been receiving assistance with the costs of child care from the Fairfax County Office for Children, Child Care Assistance Program ("CCAP").

In an effort to prove his claim, Mr. Tyson served a *Subpoena Duces Tecum* on Carol Keil, Director of CCAP, seeking information regarding Ms.

Tyson's alleged application for, and receipt of, payment assistance. In particular, the subpoena sought:

1. All applications, enrollment forms, agreements, placement agreements, addendums, and the like completed by Mirian Tyson, a/k/a Miriam Tyson [SSN omitted] for the Child Care Assistance Program regarding her income, employment, spousal and/or child support received, the child's father, etc.

2. All documents, such as pay stubs, utility bills, cable bills, telephone bills, letters from a rental agent, and the like submitted by Mirian Tyson, a/k/a Miriam Tyson [SSN omitted] to the Child Care Assistance Program (CCAP).

3. All enrollment forms, agreements, placement agreements, addendums, service plans, assessments, quarterly reviews, notice of action completed by the Child Care Assistance Program (CCAP) regarding benefits provided to Mirian Tyson, a/k/a Miriam Tyson [SSN omitted] for the child care of her minor child, Robert Tyson.

4. Records of all payments made by the Child Care Assistance Program (CCAP) to any entity for the benefit of Mirian Tyson, a/k/a Miriam Tyson [SSN omitted] for the child care of her minor child, Robert Tyson.

Following the receipt of the subpoena, the County filed a Motion to Quash Mr. Tyson's *Subpoena Duces Tecum*. Both the County and Mr. Tyson submitted briefs to support their arguments.

*Legal Analysis*

A. *Statutory Review*

Enacted in 2002, Virginia Code §§ 63.2-102 and 63.2-104 govern the release of confidential information held by the Department of Social Services. CCAP falls under the umbrella of the Department of Social Services and, therefore, must adhere to these privacy statutes.

Review of the two statutes reveals them to be very specific as to when the type of information sought by Mr. Tyson may or may not be divulged.

Virginia Code § 63.2-102 provides in part:

94

> All records, information, and statistical registries of the Department and local boards and other information that pertain to public assistance and child support enforcement provided to or on behalf of any individual shall be confidential and shall not be disclosed except to persons specified hereinafter and to the extent permitted by state and federal law and regulation.

Virginia Code § 63.2-104 provides in part:

> The records, information, and statistical registries of the Department, local departments, and of all child-welfare agencies concerning social services to or on behalf of individuals shall be confidential information, provided that the Commissioner, the Board, and their agents shall have access to such records, information, and statistical registries, and that such records, information and statistical registries may be disclosed to any person having a legitimate interest in accordance with state and federal law and regulation.

Although both sections of the Code include an exception allowing the disclosure of information pursuant to applicable state and federal law and regulation, it is unlikely that the Legislature intended something so broad as the "rules and statutes applying to discovery processes in formal litigation" to qualify for such preferential treatment. *See* Response to Fairfax County's Motion to Quash *Subpoena Duces Tecum* & 8. To accept this contention and allow the general discovery rules to usurp the confidentiality requirements set forth in Virginia Code §§ 63.2-102 and 63.2-104 would come at the cost of losing these privacy protections. I am hard pressed to believe that the Legislature intended such a large, and possibly dangerous, loophole.

An analysis of the Virginia Administrative Code effectuating the privacy statutes also supports this conclusion. Virginia Administrative Code, Title 22, §§ 40-910-20, 40-910-80, 40-910-90, and 40-910-100 implement the Virginia Code § 63.2-102 and § 63.2-104 Department of Social Services confidentiality statutes. Section 40-910-20 implements the confidentiality requirements, while the other regulations lay out limited exceptions to these privacy protections. These regulatory exceptions are relatively new, as they were enacted in 2004 and are largely administrative.

22 V.A.C. § 40-910-80 states that confidential information may only be released for a purpose directly related to the administration of a public assistance program, including the determination of eligibility and the amount of services. In

the case at hand, Mr. Tyson does not intend to use the information he seeks for administrative purposes, but instead as evidence against his wife during a child support determination.

22 V.A.C. § 40-910-90 allows the release of confidential information pertaining to child support enforcement, an issue which is not applicable in this case.

22 V.A.C. § 40-910-100 governs the release of information pertaining to social services programs. It allows the release of information to those parties having a "legitimate interest" pursuant to Virginia Code § 63.2-104 and state and federal laws.[1] An examination of the examples of individuals with a "legitimate interest" included in § 40-910-100 reveals that Mr. Tyson does not qualify in this capacity, as he is not seeking information regarding adult or child protective services.

Overall, it seems incongruent that the Legislature would enact statutes specifically providing for the confidentially of welfare applicant and recipient information if they could be circumvented by the simple act of filing a civil action and issuing a *subpoena duces tecum* on the other party.

## B. *Case Law*

The statutes and regulations in question here were recently enacted; therefore, there is little case law to be found regarding their appropriate interpretation and application. However, the U.S. District Court for the Eastern District of Virginia, Newport News Division, recently decided a case that is instructive. *United States v. White*, 342 F. Supp. 2d 495 (E.D. Va. 2004).

In *United States v. White*, a *subpoena duces tecum* was issued on the Commonwealth seeking production of the defendant's financial records, including information related to child support payments. When allowing the disclosure of this information the court stated "statutes prohibiting general disclosure of information do not bar judicial discovery absent an express prohibition against such disclosure." *Id.* at 497. After examining the specific circumstances of the case, a federal criminal prosecution, it was determined that

---

[1] 22 V.A.C. § 40-910-100 states in part "Social services client records must be confidential and can only be released to persons having a legitimate interest in accordance with federal and state laws and regulations pursuant to § 63.2-104 of the Code of Virginia. . . . The following statutory and regulatory provisions provide guidance on the definition of legitimate interest as applied to specific social services programs: (a) Adult Protective Services client records can be released to persons having a legitimate interest pursuant to 22 V.A.C. § 40-740-50; (b) Child Protective Services Client Records and Information Disclosure. . . ."

the information could be disclosed. The Court further justified its decision by highlighting the fact that the confidential information at issue was to be used only to determine if the defendant had lied; the actual data itself was not going to be used as part of the prosecution.

The context of the *White* case is distinguishable from the one at hand here. In *White*, the Government was granted access to limited information to aid a federal criminal prosecution. This is in stark contrast to Mr. Tyson's personal civil suit seeking a divorce and adjudication of child support. Mr. Tyson is requesting this information to help calculate the proper amount of child support payments, and the actual data may in fact come into play.

## Conclusion

Finally, it is arguable that the Defendant's request for information could also be largely satisfied through the use of interrogatories and/or depositions. As evidenced by his brief, Mr. Tyson has already accessed some of the information he requested by way of a *subpoena duces tecum* served on his son's child care agency. *See* Response to Fairfax County's Motion to Quash *Subpoena Duces Tecum* & 6. He could gather additional facts through interrogatories asking the Plaintiff directly about the source of her funds or requesting the production of documents reflecting the child care payments. Although it is possible that the Plaintiff may not be wholly honest in her responses, the fact that she, or her attorney, must certify to the truth of what is submitted would hopefully preclude this problem from arising.

Thus, for the reasons stated above, it is clear that the protection of information regarding welfare applicants and recipients remains tantamount. The County's Motion to Quash Defendant's *Subpoena Duces Tecum* is granted.